## Julius T. Edwin

### v.

## Nathan Jacobson and Samuel Ludwinoski.

*Replevin—Contract of Sale.*

1.   Upon a suit in replevin brought for a certain stock of goods, plaintiff contending that defendant held the same under an arrangement amounting to a mortgage, defendant maintaining that the transaction was an absolute sale, this court holds, there being no evidence of a tender to defendant of the amount due him, that the judgment for the defendant can not be disturbed.

2.   To enforce such contract, if shown, the remedy would be in equity.

[Opinion filed May 25, 1893.]

Appeal from the Circuit Court of Bureau County; the Hon. George W. Stipp, Judge, presiding.

Mr. J. L. Murphy, for appellant.

Mr. A. R. Greenwood, for appellees.

Mr. Justice Lacey.   This was a suit in replevin by appellant to recover a stock of goods situated in a store in Spring Valley, of which appellees had possession, Jacobson claiming ownership and Ludwinoski being his agent.

The appellee Jacobson claimed to own the goods by virtue of a purchase from appellant for $310, for which he introduced in evidence an absolute bill of sale, under which he claimed to take possession of the goods and store building, which was rented from a third party by appellant before the reputed sale.   Appellant insisted and so testified before the jury that it was not a *bona fide* purchase by Jacobson, but insists that it was a bill of sale in form only, and intended as a mortgage for the money borrowed, $310, and that Jacobson was to loan him the $310 and take possession

of the store and conduct it for him and sell goods for three months, at thirty dollars per month, and that at the end of three months appellant was to pay Jacobson the money borrowed and the wages, amounting to $400; and at the time of the execution of the bill of sale it was agreed that appellant should have a defeasance back from Jacobson showing the real transaction, which, as he contends, was prevented by all parties and their attorney, Weil, who drew the bill of sale, having to go to dinner after completing it and before the defeasance was made out.

The appellee Jacobson contradicts this claim in his evidence flatly, and is supported somewhat by Weil, who remembered nothing of any agreement for a defeasance. Several other witnesses were introduced on either side. The evidence, however, as a whole, was conflicting, the preponderance being strongly in favor of an absolute sale of the goods to Jacobson.  There is another point in the case that seems conclusive against the right of appellant to recover in the action.  If he desired to cancel the sale and reclaim the goods it was his duty to pay back to Jacobson the money which he had borrowed, at least. He would be required to put him in *statu quo.*

The evidence entirely fails to show that the appellant made a tender of this money, or any part of it, to Jacobson, before the commencement of the action or at any time after. It is insisted that Jacobson sold enough of the goods and realized sufficient money out of them to repay him a considerable portion of the money loaned.  This claim, however, is not sustained by the evidence.  It rather tended to show that Jacobson sold no more than enough to pay him the expenses of conducting the store and his own wages up to the time of the commencement of the replevin suit. There was no portion of the money borrowed tendered to Jacobson and there is no claim he sold goods enough to pay the entire amount loaned.  The only theory upon which this replevin suit could be maintained, even on the insistence of appellant, would be on a rescission of the contract claimed to have been made by appellant.  According to this sup-

posed contract Jacobson was to hold possession of the goods as a mortgagee, having the entire right to dispose of them for the benefit of his· own claim for money loaned, and wages. If such contract be treated as in force there would be no right of possession of the goods in appellant, and, as before stated, if the latter choose to rescind the contract he must repay the money borrowed. If appellant desired to enforce the specific contract which he claimed to exist, his remedy would be in equity. There are quite a number of points raised by appellant as to the action of the court on the trial of the case and of the form of the verdict and judgment claimed to be error, none of which are tenable.

The fact that the jury failed to assess damages against appellant for the wrongful taking and retention of the goods, and that the court assessed one cent damages against him, is an irregularity that could work no.injury to appellant, as he pays no material damages. Irregularities and errors, if any, committed on the trial, could make no material difference in the case, as on the undisputed .evidence the appellant had no right to recover.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*